IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES WHITED,
ADC #123645                                                                                          PLAINTIFF

v.                                              5:06CV00136HDY

KEITH WADDLE, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate proceeding pro se, seeks relief in a civil rights action pursuant to 42 U.S.C. § 1983, and has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

In his complaint, plaintiff states that he was wrongfully found guilty of disciplinary violations by defendant Waddle in March, 2006, and was sentenced to fifteen days in disciplinary segregation. Plaintiff claims that defendant Waddle violated prison internal regulations by not carefully weighing the evidence against plaintiff and by not investigating plaintiff's claims. The convictions were later reversed by defendant Lay, but plaintiff alleges that defendants Lay and Gibson violated his rights by failing to ensure that defendant Waddle properly followed all rules and regulations. Plaintiff asks for injunctive relief, and damages for the amount of time spent in segregation and for mental and emotional stress suffered.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. The test for determining if an action is frivolous is whether

the plaintiff can make a rational argument on the facts or law in support of his claim.  The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation." <u>Neitzke v. Williams</u>, 490 U.S. § 319 (1989).  In addition, a complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

Plaintiff appears to allege a due process violation by virtue of his disciplinary conviction, and seeks damages for the time spent in disciplinary segregation.  However, the courts have held that when a disciplinary sanction is reversed upon administrative review, such reversal cures any earlier due process violations which may have occurred.  <u>Wycoff v. Nichols</u>, 94 F.3d 1187 (8th Cir. 1996).  <u>See</u> <u>also</u> <u>Prince v. Thompson</u>, 104 F.3d 364, 1996 WL 690140 (8th Cir. 1996).  Therefore, any due process violations which might have occurred by virtue of defendant Waddle's alleged failure to adequately investigate plaintiff's claims were cured by the reversal of plaintiff's disciplinary conviction in April, 2006.

Furthermore, this Court finds that plaintiff's claim for damages by virtue of the time spent in administrative segregation is precluded by <u>Sandin v. Conner</u>, 115 S.Ct. 2293 (1995).  In that case, the court held that an inmate does not possess a protected liberty interest in remaining in the general population of the prison absent a showing of discipline in segregated confinement which was an atypical, significant deprivation. The plaintiff in <u>Sandin</u> was sentenced to a stay in disciplinary segregation for a period of thirty days, which the court held "was not a major disruption in his environment." <u>Wycoff</u>, <u>supra</u>, 94 F.3d at 1190.  Similarly, the plaintiff in <u>Wycoff</u>, <u>supra</u>, served forty-five days prior to dismissal of the disciplinary charges against him.  In comparison, in this particular case, plaintiff claims to have spent fifteen days in disciplinary segregation.  Plaintiff does not allege

that the conditions of confinement in segregation were such that they constituted an atypical or significant deprivation.

Finally, plaintiff's allegations against defendants Lay and Gibson are based on their supervisory positions, and also on alleged violations of internal prison regulations. Generally, the doctrine of respondeat superior is inapplicable in an action filed pursuant to 42 U.S.C. § 1983, absent an allegation of personal knowledge or involvement in the alleged unconstitutional actions. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, an allegation of a violation of an administrative regulation does not in and of itself state a constitutional claim, nor does a prison official's failure to follow such a regulation rise to the level of a § 1983 claim. Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996). Therefore, plaintiff's allegation that defendants Lay and Gibson violated his rights by failing to ensure that defendant Waddle properly followed the prison regulations, fails to state a constitutional claim. Accordingly,

IT IS, THEREFORE, RECOMMENDED that plaintiff's complaint against defendants be DISMISSED with prejudice and that this dismissal be considered a "strike" within the meaning of 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED this   31    day of    May          , 2006.

_____
United States Magistrate Judge