IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES WHITED,
ADC #123645                                                                                          PLAINTIFF

v.                                          5:06CV00136 SWW/HDY

KEITH WADDLE, et al.                                                                         DEFENDANTS

ORDER

The Court has received proposed findings and recommendations from Magistrate Judge H. David Young. After a review of those proposed findings and recommendations, and the timely objections received thereto, as well as a de novo review of the record, the Court adopts them in their entirety.

Plaintiff states he was charged with missing work and disobeying an order. According to plaintiff, he is on "heat sensitive" medication and because of that medication, he cannot be assigned to work outside. He states that at his disciplinary hearing, he explained to defendant Waddle that he refused to report for the hoe squad because of his medication. Plaintiff complains that Waddle should and could have checked out his defense but instead, Waddle ignored the explanation, found plaintiff guilty, and sentenced him to serve fifteen days in punitive isolation. On the hearing action form, Waddle stated he relied on the disciplinary report for his decision. Plaintiff appealed and the disciplinary was reversed but not until after plaintiff had served his time in punitive. In his objections, plaintiff complains his rights to due process were violated because the disciplinary hearing was not conducted in an impartial manner and because he did not receive a written statement of the evidence upon which the disciplinary decision was made. The Court agrees with the magistrate judge that any due process violations that may have occurred in connection with the disciplinary hearing were cured by the reversal of plaintiff's disciplinary conviction. *See Wycoff v. Nichols,* 94 F.3d 1187, 1189 (8th Cir. 1996).

Plaintiff also asserts the magistrate judge erred in applying *Sandin v. Conner*, 515 U.S. 472

(1995) to his case. Conner, a prisoner, was sentenced to 30 days in disciplinary segregation for a "high misconduct" charge. Nine months later, the charge was reversed and Conner's disciplinary record expunged. The Supreme Court held that Conner's segregated confinement did not

> present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. The record shows that, at the time of Conner's punishment, disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody. . . . Based on a comparison between inmates inside and outside disciplinary segregation, the State's action in placing him there for 30 days did not work a major disruption in his environment.

*Id.* at 486.

In *Wycoff v. Nichols,* 94 F.3d 1187 (8th Cir. 1996), a prisoner, who was serving a life sentence, was found guilty of a rule violation and sentenced to ten days restriction in a maximum security cell. The disciplinary committee also invoked a suspended sentence from a previous infraction which included restriction in a maximum security cell for ninety days. The Eighth Circuit held that an inmate does not have "a protected liberty interest in remaining in the general prison population; his only liberty interest is in not being subjected to 'atypical' conditions of confinement." *Id.* at 1190.

Plaintiff argues that unlike in *Sandin*, inmates in punitive or disciplinary isolation, are deprived of a variety of privileges that inmates in general population, protective custody, and administrative segregation enjoy. He claims inmates in punitive or disciplinary isolation may not have personal property such as books, magazines, radios, commissary items; they are awakened at 6:00 a.m. and their mattresses are taken until 7:00 p.m; their cells are searched and they are strip-searched at 6:00 a.m.; they are allowed three five-minutes showers per week and cannot use shampoo or shave; and their only time for yard call is at 5:00 a.m. These conditions, plaintiff argues, constitute a major disruption in his environment and are atypical of the conditions for other,

non-disciplined inmates at the Cummins Unit, which is mostly open barracks.

As described by plaintiff, his confinement in punitive or disciplinary segregation did not "mirror" that of the general population in open barracks at the Cummins Unit, and resulted in the loss of privileges.  However, the Court finds what while plaintiff's time in punitive may have been a significant deprivation, it was "not atypical of what inmates have to endure in daily prison life." *Callender v. Sioux City Residential Treatment Facility,* 88 F.3d 666, 669 (8th Cir. 1996).   In *Callender,* a prisoner challenged the revocation of his work release and return to prison.  The court found that at the time of the termination of his work release status, the program was more analogous to institutional life than parole or probation and thus revocation was not an atypical or significant deprivation.  *See also Moorman v. Thalacker,* 83 F.3d 970 (8th Cir. 1996) (transfer from minimum- to medium-security prison, 15 days of highest-level disciplinary detention, and 107 days of less-restrictive disciplinary detention not disruption exceeding ordinary incidents of prison life). Therefore, the Court agrees with the magistrate judge's recommendation that plaintiff's complaint should be dismissed.

IT IS, THEREFORE ORDERED that plaintiff's complaint against defendants is DISMISSED with prejudice and that this dismissal is considered a "strike" within the meaning of 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 19th day of June 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE